IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ELISA CUSIMANO and BENJAMIN SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> DIAMOND CLEANING SERVICES and THELMA FLANAGAN, <br><br> Defendants. | CIVIL ACTION FILE NO. <br> 2:22-cv-00246-RWS <br><br> For Violations of the Fair Labor Standards Act of 1938, As Amended <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COME NOW the Plaintiffs, Elisa Cusimano ("Cusimano") and Benjamin Smith ("Smith")(collectively referred to as "Plaintiffs" herein), by and through their undersigned counsel, and file this Complaint against Defendants Diamond Cleaning Services and Thelma Flanagan, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938, as amended ("the FLSA"), and in support thereof would state as follows:

### I. INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended, to remedy violations of the overtime provisions of the Act by Defendants which have deprived the named Plaintiffs of their lawful wages.

2. This action is brought to recover unpaid regular and overtime compensation owed to the Plaintiffs pursuant to the FLSA. The Plaintiffs have been employed by Defendants, working as cleaners for Defendants in and around Dahlonega, Georgia.

3. During the applicable statute of limitations prior to the filing of this Complaint (three years), Defendants have committed violations of the FLSA by failing to compensate Plaintiffs for travel time and at an overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiffs seeks unpaid compensation for work performed, an equal amount of liquidated damages to compensate them for the delay in payment of money due which Defendants instead used as working capital, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

5. Plaintiffs also seek redress under the anti-retaliation provisions of the FLSA for the actions taken against them after complaining about their unpaid wages.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this action is being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b)-(c) because all of the acts complained of occurred within the State of

Georgia and the jurisdiction of this Court and because Defendants conduct business within this District.

### III. PARTIES

8. Plaintiff ELISA CUSIMANO resides in Dahlonega, Georgia. Cusimano was employed by the Defendants as a cleaner. She worked for Defendants within this District. Plaintiff Cusimano worked solely within the State of Georgia. Plaintiff Cusimano's duties typically included cleaning residential and commercial properties.

9. Plaintiff BENJAMIN SMITH resides in Dahlonega, Georgia. Smith was employed by the Defendants as a cleaner. He worked for Defendants within this District. Plaintiff Smith worked solely within the State of Georgia. Plaintiff Smith's duties typically included cleaning residential and commercial properties.

10. At all times material to this action, the named Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within ten years preceding the filing of this lawsuit. This same individual is further covered by § 206 and § 207 of the FLSA for the period in which he was employed by Defendants.

11. Defendant DIAMOND CLEANING SERVICE is a corporation based in Dahlonega, Georgia, which conducts business within this State and District

and maintains its principal place of business 117 S Promise Trail, Dahlonega, GA 30533. DIAMOND CLEANING SERVICE owns and operates a business specializing in providing cleaning services to residential and commercial properties.

12. DIAMOND CLEANING SERVICE is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at its principal place of business 117 S Promise Trail, Dahlonega, GA 30533.

13. Defendant DIAMOND CLEANING SERVICE maintains actual and constructive control, oversight, and direction over the operation of its employees.

14. Defendant THELMA FLANAGAN is the owner and operator of DIAMOND CLEANING SERVICE and has actual and constructive control, oversight, and direction over the day-to-day operations of DIAMOND CLEANING SERVICE, including, but not limited to, the compensation of DIAMOND CLEANING SERVICE employees and the hours those employees work.

15. At all times material to this action, Defendant DIAMOND CLEANING SERVICE was an enterprise engaged in commerce, as defined by Section 203(s)(1) of the FLSA. Defendant DIAMOND CLEANING SERVICE utilizes bank accounts with banking entities which transact business outside the State of Georgia. Defendant DIAMOND CLEANING SERVICE

regularly utilizes materials manufactured outside the state of Georgia for the benefit of Defendant DIAMOND CLEANING SERVICE clients. Technology, such as computers and telephones, which were manufactured outside the state of Georgia, is integral to the running of Defendant DIAMOND CLEANING SERVICE's business.  Plaintiffs utilized instruments and materials of interstate commerce in fulfilling their job duties for Defendants, including, but not limited to, a vehicle manufactured outside of the State of Georgia and gasoline manufactured outside of the State of Georgia for that vehicle, and participated in business activities which involved entities located outside of the State of Georgia.

16. At all times material to this action, Defendants were "employers" of the named Plaintiffs, as defined by § 203(d) of the FLSA.

17. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

### IV.  VIOLATIONS OF THE FLSA

**COUNT 1- Violations of the minimum wage provisions of the FLSA**

18. Defendants employed Plaintiffs as residential and commercial cleaners in and around Dahlonega, Georgia.

19. Plaintiffs were employed by Defendants from May of 2020 until November of 2022.

20. During most weeks of Plaintiff Cusimano's employment with Defendants, Plaintiff Cusimano worked from 8:00 a.m. through 5:00 p.m. Monday through Friday (and often on Saturdays) performing residential cleaning services. Plaintiff Cusimano was paid on an hourly basis based on the time spent between arriving at a job and finishing that job. Plaintiff Cusimano typically preformed 2-3 residential cleaning jobs per day. Plaintiff Cusimano was not paid for the time she spent driving from Diamond Cleaning Service to her first job in the morning, between jobs throughout the day, and from her last job back to Diamond Cleaning Service. Plaintiff Cusimano typically had to drive between 30-40 minutes to each job. Accordingly, Plaintiff Cusimano was deprived of drive time compensation equal to approximately 8.25 hours per week (30 [minutes per job] X 3 [jobs per day] X 5.5 [average days per week worked]). Plaintiff Cusimano's hourly rate was $12.75 per hour, so Plaintiff Cusimano was deprived of approximately $105.19 ($12.75 [hourly rate X 8.25 [hours per week]) per week. Plaintiff Cusimano worked for Defendants for approximately 133 weeks, and is therefore owed no less than $13,989.94 in unpaid drive time. Plaintiff Cusimano seeks an equal amount in liquidated damages for a total of $27,979.88 in unpaid drive time.

21. Plaintiff Smith typically worked 3 days per week. Plaintiff Smith was not paid for the time he spent driving/riding from Diamond Cleaning Service to

his first job in the morning, between jobs throughout the day, and from his last job back to Diamond Cleaning Service. Plaintiff Smith typically had to drive/ride between 30-40 minutes to each job. Accordingly, Plaintiff Smith was deprived of drive time compensation equal to approximately 4.5 hours per week (30 [minutes per job] X 3 [jobs per day] X 3 [average days per week worked]). Plaintiff Smith's hourly rate was $12.75 per hour, so Plaintiff Smith was deprived of approximately $57.38 ($12.75 [hourly rate] X 4.5 [hours per week]) per week. Plaintiff Smith worked for Defendants for approximately 133 weeks, and is therefore owed no less than $7,630.88 in unpaid drive time. Plaintiff Smith seeks an equal amount in liquidated damages for a total of $15,261.75 in unpaid drive/ride time.

22. Defendants also improperly deducted an amount of rent from Plaintiffs' paychecks which far exceeded the actual cost incurred by Defendants in maintaining that residence. Accordingly, Defendants are not able to apply the rent deducted from Plaintiffs' paycheck towards Plaintiffs' minimum wage calculation as under the FLSA's lodging credit. Plaintiff Cusimano typically worked at least 40 hours per week, and was paid between $200-$800 per month, for an effective hourly rate of between $1.25-$5.00 per hour. Plaintiff Cusimano is entitled to the difference between the hourly rate paid to her and minimum wage, which, using an average effective pay rate of $3.75 per hour

(($1.25 + $5.00)/2).  Under the federal minimum wage of $7.25 per hour, plaintiff Cusimano was, on average, underpaid $3.50 per hour for every hour of her employment.  Defendants owe Plaintiff Cusimano an additional $18,620.00 ($3.50 [underpaid hourly rate] X 40 [hours per week] X 133 [weeks of employment]) in unpaid minimum wage payments.  Plaintiff Cusimano seeks liquidated damages equal to that amount, for a total due to her under the minimum wage provisions of the FLSA (exclusive of unpaid drive time and overtime) of $37,240.00.  Plaintiff Smith was similarly underpaid in an amount to be determined upon the production of documents required to be maintained by Defendants pursuant to 29 C.F.R. § 516.27 relating to Plaintiff Smith's employment.

23. Defendants also failed to pay Plaintiffs Cusimano and Smith anything for time spent working on a commercial property in May-July of 2020.

**COUNT 2- Violations of the minimum wage provisions of the FLSA**

24. In addition to Plaintiffs' "day job" of cleaning residential properties for Defendants during the day, described above, Plaintiffs also cleaned commercial properties on behalf of Defendants three times a week, but, despite those hours usually being worked after Plaintiffs had worked in excess of 40 hours per week during the day, Plaintiffs were paid a straight-rate pay of $138.33 per night for that work performed.  Plaintiffs should

have received an overtime enhancement for those hours worked. Accordingly, Plaintiffs each seek $9,189.95 ($138.33 [straight-time rate] X .5 [overtime rate] X 133 [weeks worked]) in unpaid overtime compensation related to her after-hours work performed on behalf of Defendants. Plaintiffs seek liquidated damages equal to that amount, for a total due to each of them under the overtime provisions of the FLSA of $18,397.90.

**COUNT 3- Violations of the anti-retaliation provisions of the FLSA**

22. Defendants unlawfully retaliated against Plaintiffs by threatening to immediately evict, and indeed evicting Plaintiffs, in violation of Georgia tenancy laws and by mistreating Plaintiffs after Plaintiffs inquired/complained about their unpaid and/or underpaid wages. For example, on December 12, 2022, Defendants resorted to an illegal "self-help eviction in violation of O.C.G.A. § 44-7-14.1(b).

## V. PRAYER FOR RELIEF

WHEREFORE, the named Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid straight-time and overtime compensation, plus an equal amount of liquidated damages to compensate Plaintiff for the delay in payment of overtime

compensation due which the Defendants unlawfully used instead as working capital of the business.

B. That Plaintiff be awarded prejudgment interest;

C. That Plaintiff be awarded reasonable attorneys' fees;

D. That Plaintiff be awarded the costs and expenses of this action; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

The undersigned further certifies that the foregoing document has been prepared in 14-point Times New Roman font in compliance with Local Rule 5.1(b).

Respectfully submitted this 12th day of December, 2022.

/s/ Tyler B. Kaspers
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128
tyler@kaspersfirm.com

Counsel for Plaintiff